IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andres Glenn, ) | C/A No.: 2:22-1617-CMC-SVH |
| Plaintiff, ) | |
| vs. ) | ORDER AND NOTICE |
| Berkely County Government, ) | |
| Defendants. ) | |

Andres Glenn ("Plaintiff"), proceeding pro se, filed this complaint against Berkely County Government ("Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.      Factual and Procedural Background

Plaintiff's complaint states "I am writing this case for my freedom." [ECF No. 1]. He states that the Solicitor would not give him a bond or bond hearing, and he is requesting a release." *Id*. He also states he is bringing a habeas corpus for holding him "hostage" for "not legally arresting [him] by court order." *Id*. at 2. Plaintiff alleges he was arrested in Moncks Corner, South Carolina on February 15, 2021. He includes an attachment with his medication list of May 16, 2022. *Id*. at 1-1. Plaintiff seeks unspecified actual damages and

states this has caused his "potential business to surge downwards instead of upwards." *Id.*

II. Discussion

    A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    Plaintiff's Claims Barred by *Heck*

Plaintiff's claims for damages related to his prosecutions and/or convictions are barred by the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court stated the following:

> We hold that, in order to recover damages for allegedly

3

> unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87.

In addressing a claim for damages, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Judgment in Plaintiff's favor on all of his disposed charges would necessarily imply the invalidity of his subsequent convictions. Because Plaintiff fails to demonstrate he has successfully challenged his prosecution, *Heck* bars his claims. Therefore, the complaint is subject to summary dismissal.

    2.    *Younger* Abstention

To the extent Plaintiff seeks dismissal of charges currently pending against him, his claim is also subject to summary dismissal. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held a federal court should not equitably interfere with state criminal proceedings "except in the most narrow

4

and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Plaintiff states he was denied a bond hearing, implying he is currently detained pending disposition of state criminal charges, satisfying the first part of the test. The second part of the test is met because the Supreme Court has noted "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Fourth Circuit has addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal

5

constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Plaintiff can pursue his claims related to the legality of his detention during the disposition of his criminal charges. Accordingly, Plaintiff's petition is subject to summary dismissal based on *Younger* abstention. *See Younger*, 401 U.S. at 43–44.

        3.        Habeas Corpus

To the extent Plaintiff intended to bring a petition for habeas corpus, he does not indicate whether he has exhausted his administrative remedies. A petitioner must exhaust all available state court procedures prior to seeking federal court review of his claim. *See* 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). As stated by the Fourth Circuit:

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims . . . . To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with petitioner. The exhaustion requirement, though not jurisdictional, is strictly enforced . . . .

*Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997) (citations omitted), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). In addition, monetary damages are not available in a habeas action.

### NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **June 15, 2022**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

IT IS SO ORDERED.

May 25, 2022  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

7